# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# PARKERSBURG DIVISION

CAMDEN-CLARK MEMORIAL
HOSPITAL CORPORATION,
           Plaintiff,

v.                                                        CIVIL ACTION NO. 6:06-cv-01013

ST. PAUL AND MARINE INSURANCE CO.,

           Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the plaintiff's Memorandum Regarding Remaining Issues to be Ruled Upon by the Court [Docket 124], which the court has construed as a motion for summary judgment, and the defendant's Cross-Motion for Summary Judgment [Docket 126]. For the following reasons, the plaintiff's motion is **DENIED** and the defendant's motion is **GRANTED**. There being no further unresolved issues before the court, this case is **DISMISSED**.

**I.**    **Background**

The parties submitted status reports in this action, explaining whether any issues were left unresolved by the court's memorandum opinion and order entered on June 7, 2010.[1] The defendant, St. Paul Fire and Marine Insurance Co. ("St. Paul"), argued that the opinion "resolves all issues raised in this Civil Action as well as those consolidated with it by previous Court Order." (Def.'s Report to the Court 1 [Docket 122].) The plaintiff, Camden-Clark Memorial Hospital Corp.

---

[1] The complex factual and procedural history of this case are laid out in the memorandum opinion and order entered on June 7, 2010 [Docket 116].

("Camden-Clark"), however, argued that "the only remaining issue from the Plaintiff's perspective . . . involves the exhaustion of the self-insured retention (SIR) limit from the covered damages arising [from] the death of Hilda Boggs." (Pl.'s Mem. Regarding Remaining Issues 1 [Docket 124].) The court treated the plaintiff's memorandum as a motion for summary judgment on whether the plaintiff is entitled to additional payment under Policy 566XM2102 (the "Policy"). The court ordered a response and reply [Docket 125]. The defendant filed a response, which is also labeled as a cross-motion for summary judgment, on July 8, 2010 [Docket 126], and the plaintiff filed a reply on July 13, 2010 [Docket 127].

## II.     Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

## III.    Discussion

Two issues arise from these filings: whether Camden-Clark surpassed its SIR limit under the Policy such that St. Paul owes additional payment for damages arising from Hilda Boggs's death, and whether Camden-Clark is entitled to interest on such payment. Camden-Clark requests an additional $1,210,960.13 from St. Paul, which includes additional coverage payments and interest. Although the parties disagree on the amount owed to Camden-Clark under the Policy, the

disagreement is a legal one: it is based on interpretation of certain terms of the Policy, not on factual disputes about the amount of Hilda Boggs's medical professional injury damages or other claims made by Camden-Clark during the policy year.

   *A.   SIR Limits*

The Policy contains a two-million dollar SIR limit applicable to medical professional injury damages. The parties agree that Camden-Clark exceeded this amount by $245,069.69, which St. Paul paid to Camden-Clark on April 20, 2010. Camden-Clark, however, argues that the two-million dollar limit applies to *all* claims or suits for medical professional injury made in a given policy year. As such, Camden-Clark contends that St. Paul owes it an additional $908,399.53 in coverage (the amount of other Camden-Clark claims during the policy year), plus interest of $241,679.40.

The West Virginia Supreme Court has held,

> this Court will apply, and not interpret, the plain and ordinary meaning of an insurance contract in the absence of ambiguity or some other compelling reason. Our primary concern is to give effect to the plain meaning of the policy and, in doing so, we construe all parts of the document together.

*Blake v. State Farm Mut. Auto. Ins. Co.*, 685 S.E.2d 895, 900 (W. Va. 2009) (internal quotation marks omitted). The Policy's two-million dollar SIR limit applicable to medical professional injury damages is an "each person retention" (the "Each Person Retention"). It states, in unambiguous language, that Camden-Clark would be responsible for up to two million dollars for "medical professional injury that results from a health care professional service or a series of related health care professional services *to any one person*." (Policy at 13 (emphasis added).)[2]

---

[2] Another provision states that the "[t]otal retention," which is four million dollars, is "the most you'll be responsible for paying for the combined total of all retentions *that apply in a policy year.*" (Policy at 13 (emphasis added).) It is undisputed that the total of all Camden-Clark claims (continued...)

The Policy further provides that the Each Person Retention is the amount for which Camden-Clark is responsible "regardless of the number of protected persons[,] claims made or suits brought[,] or persons or organizations making claims or bringing suits." (*Id*.) Camden-Clark argues that this provision conflicts with the language in the Each Person Retention provision, rendering the Policy ambiguous. The provisions are meant, however, to be read harmoniously. They provide that Camden-Clark will be responsible for meeting the SIR limit for *each covered person's* medical professional injury. This is regardless of the number of covered persons bringing claims – or the number of claims they bring – with regard to *that person's* medical professional injuries. Camden-Clark's reliance on other claims made in the same policy period as Hilda Boggs, therefore, is misplaced. Only the damages incurred through Hilda Boggs's death apply to her Each Person Retention limit.

St. Paul fulfilled its Policy obligations to St. Paul, therefore, by tendering the $245,069.69 check on April 20, 2010.

### B. Interest

Next, Camden-Clark also argues that St. Paul owes $60,881.20 in interest on the $245,069.09 it paid to Camden-Clark. The only evidence of claim expenses requested from Camden-Clark to St. Paul, however, is in Camden-Clark's letter of April 13, 2010. (*See* Docket 124-1.) St. Paul paid the undisputed amount one week later. There is no evidentiary support for interest payment in this case.

**IV.  Conclusion**

---

²(...continued)
made in the relevant period does not surpass this amount.

For the foregoing reasons, there are no genuine issues of material fact remaining, and St. Paul is entitled to judgment as a matter of law. Camden-Clark's Memorandum Regarding Remaining Issues to be Ruled Upon by the Court [Docket 124], which the court has construed as a motion for summary judgment, is thus **DENIED**. St. Paul's Cross-Motion for Summary Judgment [Docket 126] is **GRANTED**.

Because all issues and claims in this case have been resolved, the court **DISMISSES** this case in its entirety. The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: July 21, 2010

Joseph R. Goodwin, Chief Judge